# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-00605-MR

| | |
|---|---|
| HARVEY LEE MUNGRO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| KEVIN TATE, et al, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1].

## I. BACKGROUND

Pro se Plaintiff Harvey Lee Mungro, Jr., ("Plaintiff") is a federal inmate currently incarcerated at BUTNER Federal Correctional Institution in Butner, North Carolina. On August 30, 2012, Plaintiff pleaded guilty without a plea agreement to one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:11-cr-00370-FDW ("CR"), Docs. 1, 18]. Before Plaintiff sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 26]. Pursuant to U.S.S.G. §2K2.1(a)(2), the probation officer recommended a base offense level of 24 because Plaintiff had two prior felony convictions for a controlled

substance offense. [Id. at ¶ 11]. The probation officer also recommended an armed career criminal enhancement under U.S.S.G. §4B1.4 because Plaintiff had at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. Namely, Plaintiff had been convicted on three breaking and entering and larceny offenses in North Carolina in 1986. [Id. at ¶¶ 17, 23]. This enhancement yielded an offense level of 33. [Id. ¶ 17]. With a three-level reduction for acceptance of responsibility, Plaintiff's Total Offense Level (TOL) was 30. [Id. at ¶¶ 18-20]. Based on a TOL of 30 and a criminal history category of VI, the recommended guidelines range was 168 to 210 months' imprisonment. [Id. at ¶ 73]. The statutory minimum sentence, however, was 15 years due to Plaintiff's status as an armed career criminal, 18 U.S.C. §§ 922(g) and 924(e)(1), making the guideline range 180 to 210 months' imprisonment, U.S.S.G. §5G1.1(c)(2).[1] [Id.]. Plaintiff was sentenced to a mandatory minimum term of imprisonment of 180 months.[2] [CR Doc. 29 at 2: Judgment].

---

[1] The Armed Career Criminal Act (ACCA) calls for a mandatory minimum sentence of 15 years for "any person who violates 922(g) and has three previous convictions … for a violent felony … committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

[2] The sentencing judge was the Honorable Frank D. Whitney of this Court.

Plaintiff appealed his sentence, arguing that his three North Carolina "breaking and entering" offenses under N.C.G.S. § 14-54(a) did not qualify as burglary and, thus, predicate offenses under the ACCA. United States v. Mungro, 754 F.3d 267, 268 (4th Cir. 2014). The Fourth Circuit affirmed Plaintiff's sentence, holding that this offense qualified as an ACCA predicate. Id. 754 F.3d at 272. Thereafter, Plaintiff filed a motion for relief under 28 U.S.C. § 2255. [Civil Case No. 3:15-cv-00471-FDW ("CV"), Doc. 1]. He argued for relief under Johnson v. United States, 135 S. Ct. 2551 (2015), claiming that his prior convictions no longer qualified as "violent felony" offenses under the now constitutionally invalid residual clause of the ACCA. [CV Doc. 1 at 4]. This Court denied Plaintiff's § 2255 motion on the merits, holding that Plaintiff's prior convictions qualified as the enumerated "burglary" offense under the ACCA and were therefore unaffected by Johnson.[3] [CV Doc. 7 at 3-5].

On November 3, 2020, Plaintiff filed the instant complaint purportedly pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of

---

[3] Plaintiff also argued that his rights under the Fifth and Sixth Amendments to the U.S. Constitution were violated by the imposition of an ACCA sentence based on facts not alleged in the Indictment. [CV Doc. 1 at 5]. The Court denied relief on this ground as well, noting that prior convictions that aggravate a sentence are not elements of a crime that must be charged in the indictment and proven to a jury beyond a reasonable doubt. [CV Doc. 7 at 5 (citing United States v. McLeod, 2015 WL 6575673, at *2 (4th Cir. Oct. 30, 2015))].

Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. Plaintiff named the following Defendants in their individual and official capacities: Kevin Tate, identified as a Plaintiff's attorney during the criminal proceedings; Joseph Enright and John Gleason, identified as Assistant United States Attorneys who prosecuted the Plaintiff; and FNU LNU, identified as a "PSI Agent." [Doc. 1 at 2-3]. Plaintiff alleges that, from November 2011 through June 2012,

> Kevin Tate mislead me and misinformed me, specifically about the topic of "being enhanced." He stated adamently that I would not be and could not be enhanced. He badgered me to plead guilty for 36 months. The plea agreement stated that also from the U.S. Attorneys. I could of plead guilty with an Explanation.

[Doc. 1 at 9 (errors uncorrected); see also id. at 7].

Plaintiff further alleges that the FNU LNU "PSI Agent" Defendant, who is apparently the probation officer who conducted his PSR interview in September 2012, failed to identify herself or to advise Plaintiff that his attorney could be present for the interview. [Doc. 1 at 8]. Plaintiff also alleges that the probation officer "failed to disclose that the information would be used to enhance [Plaintiff's] sentence." [Id.].

Plaintiff claims that this conduct by Defendants violated his rights under the Fourth and Eighth Amendments to the U.S. Constitution. [Id. at 3]. He

4

alleges that because of his enhanced sentenced he remains in prison and was infected with COVID-19. [Doc. 1 at 10].

For injuries, Plaintiff claims that he contracted COVID-19 and that he is at "very high risk of relapsing due to the 'enhanced' sentencing." [Doc. 1 at 9]. Plaintiff also claims that he suffers from "emotional and psychological trauma," "PTSD," and "from being away from [his] family." [Id.].

For relief, Plaintiff wants the remainder of his sentence vacated and compensatory and punitive damages. [Doc. 1 at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

First, giving Plaintiff the benefit of every reasonable inference, he alleges that the acts of which he complained occurred in 2011 and 2012. Any claim Plaintiff may have had under Bivens, § 1983, or otherwise has long since expired. See Harrison v. Herbel, No. 5:05-CT-550-D, 2007 WL 9757745, at *1 (E.D.N.C. July 17, 2007) (dismissing Bivens claim where Plaintiff failed to file his complaint within the applicable statute of limitations); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (affirming dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period). Plaintiff's failure to timely

file the Complaint here is plainly evident and the Plaintiff, therefore, has failed to state a claim as a matter of law.

Second, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added); see Poston v. Shappert, 222 Fed. App'x 301, 301 (4th Cir. 2007) (applying Heck rationale to bar claims for damages under § 1983 and Bivens). Here, given the nature of the

7

Case 3:20-cv-00605-MR   Document 10   Filed 03/16/21   Page 7 of 10

allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of the sentence in the underlying criminal matter. The sentence, however, has not been reversed or otherwise invalidated. Therefore, Plaintiff's Complaint is barred by Heck.

Third, Defendants Enright and Gleason are immune from suit under the doctrine of prosecutorial immunity, Imbler v. Pachtman, 424 U.S. 409, 419 (1976), and Defendant FNU LNU is similarly immune from suit based on quasi-judicial immunity, Anderson v. Patterson, No. 6:16-cv-00761, 2016 WL 11410926, at *5 (D.S.C. Sept. 13, 2016) (string cite omitted).

Fourth, Plaintiff has failed to state a claim, in any event. A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Here, Plaintiff purports to sue Defendants in their individual and official capacities. Plaintiff's claims against Defendants in their official capacities, therefore, fail as a matter of law. Furthermore, Defendant Tate, as Plaintiff's defense attorney in the criminal proceedings,

was not a federal or state actor subject to Bivens or § 1983 liability. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

Finally, to the extent Plaintiff seeks release from confinement, neither a § 1983 claim nor a Bivens action is the appropriate means to achieve that end. In this regard, Plaintiff's action is in substance a successive petition for relief under 28 U.S.C. § 2255 for which Plaintiff has not obtained authorization from the Fourth Circuit Court of Appeals. As such, this Court is without authority to review it even it were presented in the proper form.

The Court, therefore, will dismiss Plaintiff's Complaint with prejudice because amendment would be futile.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is barred by the statute of limitations and Heck; Defendants Enright, Gleason, and FNU LNU are immune from suit; Plaintiff

has failed to state a claim upon which relief can be granted against any Defendant under <u>Bivens</u> or § 1983; and Plaintiff's action is in part an unauthorized, successive petition for relief under 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e).

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: March 16, 2021

*[signature]*

Martin Reidinger
Chief United States District Judge